Elmo C. TATUM, Appellant,

v.

LIBERTY HOUSING COMPANY, Appellee.

No. 82–1438.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 22, 1983.

Decided March 10, 1983.

Richard Schrodermier, Keyes, Bennett & Kucera, Cedar Rapids, Iowa, for appellant.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Elmo C. Tatum, a black male, appeals from the district court's order dismissing his complaint, in which he alleged that he had been denied rental housing by the defendant, Liberty Housing Company, solely because he was black, in violation of 42 U.S.C. §§ 1981 and 1982. The district court's dismissal was based on the fact that the defendant had never been served with process.

The facts relating to the service of process issue may be briefly stated as follows: A summons was issued for Liberty Housing Company on December 10, 1980, and the United States Marshal attempted to serve Liberty Housing Company at the Montezuma, Iowa, address Tatum furnished (412 East Main Street) on January 15, 1981. Service could not be completed and the marshal who attempted service wrote the following language on the process receipt and return form: "Office at 412 E. Main St. has moved and is vacant. Post Office in Montezuma has no forwarding address for Liberty Housing Co."

Tatum responded by filing a request in the district court for an order to issue original notice to Liberty Housing by publication pursuant to Iowa Rule of Civil Procedure 60. Tatum's request stated that he believed Liberty was attempting to evade service of process.

In response to this request, the district court entered an order on February 18, 1981, which, *inter alia,* denied Tatum's motion for service by publication, for the reason that Tatum "has alleged nothing that would satisfy the court that published notice is proper under F.R.C.P. 4 or [Iowa Rule of Civil Procedure] 60." The court directed Tatum to attempt to ascertain defendant's present address and have it personally served.

On February 4, 1982, the court entered an order that the action would be dismissed unless the defendant was served by not later than February 16, 1982. Thereupon, Tatum renewed his motion for service by publication. The district court denied that motion, stating that

[Iowa Rule of Civil Procedure] 60 allows service by publication when a plaintiff submits an affidavit stating that personal service cannot be made on a defendant, and that defendant has departed from the state or his county of residence and keeps himself concealed, intending to avoid service of process. Plaintiff has submitted no such affidavit in support of his most recent request for service by publication. Nor has he advised the court of any action he has taken to locate defendant since failing to make service on January 15, 1981.

The district court thereupon dismissed the complaint.

Iowa Rule of Civil Procedure 60 provides in pertinent part as follows:

RULE 60. SERVICE BY PUBLICATION; WHAT CASES

After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought:

\* \* \* \* \* \*

(h) against any resident of the state who has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid service, or who keeps himself concealed with like intent[.]

This appeal presents difficult questions as to the proper meaning of Rule 60; however, we deem it unnecessary to address these issues. The defendant, Liberty Housing Company, has addressed written communications to this Court in regard to this appeal; its mailing address, as it appears on those communications, is P.O. Box 5162, 417 10th Avenue, Coralville, Iowa. We remand this case to the district court with directions to vacate the dismissal, and give Tatum thirty days to take appropriate steps to secure personal service upon the defendant at the Coralville, Iowa, address.